# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JEREMY HARDISON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14588     Jim T. Hamilton, Judge**

---

**No. M2009-00938-CCA-R3-HC- Filed November 25, 2009**

---

Petitioner Jeremy Hardison filed, by and through counsel, a Petition for Writ of Habeas Corpus, attacking his conviction in Knox County Criminal Court for possession with intent to sell more than 26 grams of cocaine in a school zone. Upon motion of the Respondent, the Circuit Court of Wayne County summarily dismissed the petition. Petitioner has appealed, and following the filing of Petitioner's brief, the state filed a motion for this Court to affirm by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee. Finding merit in the motion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, Jeremy Hardison.

Robert E. Cooper, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General: Micheal T. Bottoms, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

From the Petition for Writ of Habeas Corpus, documents filed with the petition, and the entire record, the following is gleaned. On September 13, 2005, Petitioner pled guilty in the Criminal Court of Knox County in case no. 78847 to the November 29, 2001, offense of possession with intent to sell more than 26 grams of cocaine in a school zone. On the same day and in the same court, Petitioner pled guilty in case no. 73815 to the April 10, 2001, offense of voluntary manslaughter, a lesser included offense of the charged offense of first degree murder. The judgment for the voluntary manslaughter conviction states that the sentence of ten years in that case is to be served concurrently to the fifteen-year sentence received in the felony cocaine case.

Other documents attached to the habeas petition show that Petitioner was on probation for a felony theft conviction in Knox County Criminal Court when he committed the homicide and felony cocaine offenses in 2001. Specifically, on December 14, 2000, Petitioner pled guilty to Class D felony theft in case no. 70444, received a suspended sentence of three years, and was placed on probation for three years. In December 2001, a probation violation warrant was filed in the theft case, alleging as violations that Petitioner had been arrested in November 2001 for first degree murder, and that he was "a convicted felon. . . in possession of a firearm [when arrested]." The trial court's docket entries for this case were also attached to the habeas corpus petition. They show that Petitioner's probation was revoked in the theft case on March 15, 2002, that he was ordered to serve his three-year sentence incarcerated, and that he was given jail credits such that the three-year sentence began to be served on November 22, 2001. There is nothing in the record to indicate that Petitioner appealed the revocation of his probation, or if he did, that imposition of service of the sentence did not commence as ordered effective November 22, 2001. Even without credit for statutorily mandated sentence credits, the three-year sentence would have expired in November 2004.

In his habeas corpus petition, and on appeal, Petitioner asserts he is entitled to habeas corpus relief because he was assured concurrent sentencing in September 2005 when he pled guilty to felonious possession of cocaine and voluntary manslaughter. Petitioner asserts that since his sentence for his previous theft conviction was not disclosed, his sentences imposed in 2005 had to be served consecutively to the theft sentence pursuant to Tennessee Rule of Criminal Procedure 32(c)(2)(If prior unserved in-state sentences are not called to the attention of the trial court by Defendant at the time of sentencing, and "set out in the judgment setting the new sentence, the new sentence shall be deemed to be consecutive to any such undisclosed prior unserved sentence or sentences . . ."), and thus his felonious possession of cocaine is void. See State v. Leach, 914 S.W.2d 104, 107-08 (Tenn. Crim. App. 1995)(Trial court properly determined Defendant's new sentence to be served consecutively to his prior sentences because the record did not suggest that his prior unserved in-state sentences were "called to the attention of the trial judge on behalf of Defendant at the time of sentencing."). Interestingly, Petitioner does not attack his voluntary manslaughter conviction obtained by his guilty plea to the lesser included offense of the charged offense of first degree murder. It seems logical that if one conviction was void for the reason asserted by Petitioner, so would the other conviction. Perhaps Petitioner did not want to risk his voluntary manslaughter conviction being set aside, only to find the state requesting the trial court to reinstate the original charge of first degree murder. Nevertheless, speculation on this matter is not required. The documents of the record below clearly show that Petitioner's sentence for theft would have been completely served by November 2004, approximately ten months before he pled guilty to felonious possession of cocaine. There was no previous unserved sentence pending to which the sentence for felonious possession of cocaine could be ordered to be served consecutively.

Petitioner also asserts that the cocaine conviction is void because the judgment was amended more than thirty days after it was entered, at a time the judgment was final and could not be amended. The judgment was originally entered September 13, 2005. There is a notation as follows in the section of the corrected judgment set aside for "Special Conditions": "2-9-06: JUDGMENT IS CORRECTED. OFFENSE OCCURRED IN A SCHOOL ZONE."

The original judgment as filed prior to the correction in February 2006 is not included in the record. Neither is the indictment nor the transcript of the guilty plea proceedings. From the record available, the correction could have been to remedy a clerical error, a procedure which does not render a judgment void. Rule 36 Tenn. R. Crim. P.

Finally, the state asserts in its motion that Petitioner's petition was properly dismissed because it does not meet all of the strict, mandated criteria of Tennessee Code Annotated section 29-21-107. The state is correct, but for the wrong reason. The state argues that the petition fails to allege whether or not it is Petitioner's first application for the writ of habeas corpus. See T.C.A. § 29-21-107(b)(4). However, the petition plainly states "[t]his is the first application for the writ." Nevertheless, the petition is not verified by affidavit. That alone is sufficient to justify summary dismissal. Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007).

## CONCLUSION

In accordance with all provisions of Rule 20, Rules of the Court of Criminal Appeals of Tennessee, the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed.

_____
THOMAS T. WOODALL, JUDGE